USCA1 Opinion

 

 October 20, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1681 JOHN PAGLIARINI, Plaintiff, Appellant, v. GENERAL INSTRUMENT CORP., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, and ____________________ Boudin, Circuit Judge. _____________ ____________________ Frank J. McGee, Joseph P. Hegarty, Jr. and Joseph D. McDonald, _______________ ________________________ ___________________ Jr. on brief for appellant. ___ Wm. Shaw McDermott, Irene C. Freidel and Kirkpatrick & Lockhart ___________________ _________________ _______________________ on brief for appellee. ____________________ ____________________ Per Curiam. Plaintiff appeals a summary judgment __________ dismissing his complaint. He alleges that defendant company wrongfully terminated his employment because of his age (55 years old) in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 et. seq., and parallel state law. The district court held that plaintiff failed to offer minimally sufficient proof to establish a prima facie case, and to rebut defendant's articulated non-discriminatory reason for the employment termination. The undisputed facts showed that plaintiff, an expert in acoustical engineering, was hired as a section manager in the engineering department of defendant's Undersea Systems Division in 1986. His employment was terminated approximately 4-1/2 years later after business setbacks led to an overall reduction in the department's work force.1 Defendant alleged that the decision to terminate plaintiff's employment was due to the company's immediate financial situation, in that plaintiff's expertise in acoustical theory was not as valuable to its scaled-back business objectives as were the mechanical skills of the employees who were retained. ____________________ 1. There had been an earlier round of layoffs in the Division, which did not affect the engineering department. In this round, eleven engineering employees were laid off: six were older than the age of forty, and five were younger. The Division was later sold to another company. -2- On appeal, plaintiff assigns four errors. First, he challenges the district court's finding that he failed to adduce sufficient proof that during the workforce reduction "defendant did not treat age neutrally, or that younger employees were retained in the same position." Slip op. at 4-6 & n.5 (May 31, 1994) (citing LeBlanc v. Great Am. Ins. _______ _______________ Co., 6 F.3d 836, 842 (1st Cir. 1993), cert. denied, 114 S. ___ ____________ Ct. 1398 (1994), and Hebert v. Mohawk Rubber Co., 872 F.2d ______ __________________ 1104, 1111 (1st Cir. 1989)). Plaintiff now concedes that this is a correct articulation of a necessary element of his claim. He argues, however, that the court actually applied a different standard in the following passage, The only "fact" [plaintiff] presents in satisfaction of the fourth element of his prima facie case is that [co-employee] DeLara assumed the title of "Acting Manager" of the Department after he was terminated. DeLara however . . . is also a member of ADEA's protected class and only two years younger than [plaintiff]. The passage clearly consists of a straightforward evaluation of the paucity of plaintiff's proof. There is no support for plaintiff's attempt to twist it into a misapplication of the law. We also see no basis for plaintiff's related argument that the company's retention of a third employee, who was younger than the other two, "arguably" satisfied plaintiff's prima facie case because all three employees were "theoretically doing the same work." Whatever the relevance of this point, it was not specifically -3- urged below, and there is no fault in the court's assessment in light of the proof and arguments presented. We also find no merit in plaintiff's remaining assignments of error. First, the district court did not err in rejecting plaintiff's argument that "by seeking to save the equivalent of Plaintiff's high salary, the Defendant . . . did not treat age neutrally." There were no facts suggesting that defendant used plaintiff's salary as a proxy for age discrimination. Indeed, the brevity of plaintiff's employment with defendant, and the substantial disparity between his salary and that of DeLara, who was only two years younger, belie the correlation which plaintiff urges. See ___ Hazen Paper Co. v. Biggins, 113 S. Ct. 1701, 1707 (1993). _______________ _______ Second, the district court did not misconstrue the applicability of Hazen, and we apprehend no prejudice to _____ plaintiff in the court's style of editing quotations from the Hazen opinion. Finally, the court did not abuse its _____ discretion in refusing to consider any new facts in plaintiff's out-of-time "supplemental memorandum," and in any event, plaintiff points to no prejudice from the court's ruling. Reviewing the district court's order de novo, and __ ____ finding no substantial question for review, the judgment below is summarily affirmed. See Loc. R. 27.1. ________ ___ -4-